**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| OEM Group Incorporated, an Arizona corporation,<br><br>Plaintiff,<br><br>v.<br><br>SEMSYSCO Incorporated, a Montana corporation, et al.,<br><br>Defendants. | No. CV13-1960 PHX DGC<br><br>**ORDER** |

Defendant SEMSYSCO, Inc. has filed a motion to dismiss for lack of personal jurisdiction. Doc. 18. The motion is fully briefed. Docs. 25, 29. The Court discussed the motion with the parties at the Case Management Conference held on February 13, 2014.

This is a patent infringement case. SEMSYSCO's motion asserts that it is a holding corporation located in Montana and does not make, use, sell, offer to sell, or import any products or services, including those alleged to be infringing of Plaintiff's patents. In response, Plaintiff OEM Group, Inc. does not dispute this assertion. OEM presents no evidence that SEMSYSCO has taken any action that violated its patents or affected interests within the State of Arizona. Instead, OEM argues that SEMSYSCO may be an alter-ego of Co-defendant SEMSYSCO Austria, or that SEMSYSCO may be liable for inducing infringement. The Court finds neither argument persuasive.

OEM presents no factual allegations in its complaint, and no factual assertions in its response, to show that SEMSYSCO is the alter-ego of SEMSYSCO Austria. Indeed,

the words "alter-ego" do not even appear in OEM's complaint. *See* Doc. 1. OEM's response to the motion to dismiss does contain factual assertions and supporting documentation concerning a relationship between SEMSYSCO Austria and an entity known as The Thompson Group, but The Thompson Group is separate from SEMSYSCO and is not a party to this case. Doc. 25 at 2-4. OEM candidly states that "it is unknown" whether SEMSYSCO is the alter-ego of SEMSYSCO Austria. Doc. 25 at 10.

To defeat a motion to dismiss for lack of personal jurisdiction on the basis of pleadings and affidavits, a plaintiff must make only a prima facie showing of jurisdiction. *Nuance Communications, Inc. v. Abbyy Software House,* 626 F.3d 1222, 1231 (Fed. Cir. 2010). But OEM has not made even a prima facie showing. Its complaint does not set forth any facts to show that SEMSYSCO is the alter-ego of SEMSYSCO Austria, and its response fails to provide such facts.

OEM has also failed to make a prima facie showing that SEMSYSCO is subject to personal jurisdiction on the basis of having induced infringement. OEM argues that SEMSYSCO's motion "does not rule out allegations that [SEMSYSCO] induced infringement," and cites to paragraphs 20, 35, 50, and 65 of its complaint. Doc. 25 at 9. These paragraphs in the complaint, however, do not allege any facts upon which it could be asserted that SEMSYSCO is liable for inducing infringement. To the extent OEM is suggesting that SEMSYSCO Austria induced infringement by selling products to others, SEMSYSCO could be liable for that conduct only if it were the alter-ego of SEMSYSCO Austria, an assertion that has not been supported. To the extent OEM suggests that SEMSYSCO itself has undertaken actions that constitute inducement of infringement, it has pointed to no factual allegations and no supporting evidence to back up such a claim. Thus, OEM has failed to establish a prima facie case of jurisdiction over SEMSYSCO based on inducement of infringement.

OEM asks the Court to permit jurisdictional discovery. The Federal Circuit has instructed that a request for jurisdictional discovery is to be decided on the basis of Ninth

Circuit law, not Federal Circuit law.  *See Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1021 (Fed. Cir. 2009).  The Ninth Circuit has held that where "a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on their allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery[.]"  *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995).  As discussed above, Plaintiff has not even made bare allegations that SEMSYSCO is an alter-ego of SEMSYSCO Austria, and no factual allegations that SEMSYSCO engaged in inducement of infringement.  Nor has OEM provided factual support for such assertions in its response to the motion to dismiss.  Given the utter lack of supporting facts for the suggestion that SEMSYSCO is subject to personal jurisdiction in Arizona, the Court will dismiss the claim against SEMSYSCO and deny OEM's request for jurisdictional discovery under *Terracom*.

**IT IS ORDERED** that Defendant SEMSYSCO, Inc.'s motion to dismiss for lack of personal jurisdiction (Doc. 18) is **granted**.  In light of this ruling, the Court will not enter a Case Management Order until SEMSYSCO Austria has been served and appears in this case.

Dated this 14th day of February, 2014.

David G. Campbell
United States District Judge