**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| OEM Group Incorporated, | No. CV-13-01960-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| SEMSYSCO Incorporated, et al., | |
| Defendants. | |

Plaintiff OEM Group, Inc. ("OEM") has filed a motion for alternate service. Doc. 26. The motion is fully briefed and no party has requested oral argument. The Court will grant the motion.

OEM requests that the Court permit alternate service on Defendant SEMSYSCO, Semiconductor Systems Corporation GmbH ("SEMSYSCO Austria"), pursuant to Federal Rule of Civil Procedure 4(f)(3). SEMSYSCO Austria is a resident of Austria. OEM argues that personal service on SEMSYSCO Austria is impractical and unduly burdensome. Doc. 26 at 7. OEM asserts that there are two options for effectuating personal service on SEMSYSCO Austria: (1) letters rogatory, which would cost a total of $18,170 with an estimated turnaround time of four to five months; or (2) mail, which would cost a total of $14,300 with a turnaround time of three to ten weeks and which is unreliable. *Id*. at 7-8. In lieu of personal service on SEMSYSCO Austria abroad, OEM requests permission to serve the Summons and Complaint as well as the other filings to

date at SEMSYSCO Austria's domestic address as well as on Co-defendant SEMSYSCO, Inc. and on non-party The Thompson Group, Inc. Doc. 26 at 1; Doc. 35 at 7.

Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f). *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). Service under Rule 4(f)(3) must be (1) directed by the court and (2) not prohibited by international agreement. Fed. R. Civ. P. 4(f)(3). "No other limitations are evident from the text [of Rule 4(f)(3)]. In fact, as long as court-directed and not prohibited by an international agreement, service of process under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Rio Properties*, 284 F.3d at 1014. Service of process under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but "is merely one means among several which enables service of process on an international defendant." *Id.*

To pass constitutional muster, a method of service approved by a district court must be "reasonably calculated, under all the circumstances, to apprise interested parties to the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Applying this construction of Rule 4(f)(3) and the standard articulated in *Mullane*, courts have authorized a wide variety of alternative methods of service. *See SEC v. Tome*, 833 F.2d 1086, 1094 (2d Cir. 1987) (service of process by publication in the *Int'l Herald Tribune*); *Int'l Controls Corp. v. Vesco,* 593 F.2d 166, 176–78 (2d Cir. 1979) (service by mail to last known address); *New Eng. Merchs. Nat'l Bank v. Iran Power Generation & Transmission Co.,* 495 F.Supp. 73, 80 (S.D.N.Y. 1980) (service by telex for Iranian defendants); *Levin v. Ruby Trading Corp.,* 248 F.Supp. 537, 541–44 (S.D.N.Y. 1965) (employing service by ordinary mail); *Forum Fin. Group,* 199 F.R.D. 22, 23–24 (D.Me. 2001) (service on defendant's attorney); *In re Int'l Telemedia Assoc.,* 245 B.R. 713, 719–20 (Bankr. N.D. Ga. 2000) (service via email).

OEM asserts that SEMSYSCO Austria is not incorporated in the United States and

does not have a statutory agent designated to receive process. Doc. 35 at 1. OEM presents evidence, however, that The Thompson Group is the parent company of both SEMSYSCO, Inc. and SEMSYSCO Austria. Doc. 26 at 5. In addition, SEMSYSCO Austria and The Thompson Group share the same U.S. address at 1885 Whitefish Stage Rd., Kalispell, MT 59901.

Co-defendant SEMSYSCO, Inc. does not dispute OEM's factual assertions alleging a close connection between SEMSYSCO Austria, SEMSYSCO, Inc., and The Thompson Group. SEMSYCO, Inc. argues, however, that alternative service is inappropriate because OEM has failed to show that The Thompson Group or SEMSYSCO, Inc. are the alter egos of SEMSYSCO Austria or that they otherwise exercise control over SEMSYSCO Austria. Doc. 31 at 2-3. The Court finds this argument unpersuasive. Neither Rule 4(f)(3) nor *Mullane* require that alternate service be made on a party that controls a defendant. Instead, OEM need only show that alternate service on SEMSYSCO, Inc. or The Thompson Group is reasonably calculated to apprise SEMSYSCO Austria of the pendency of the action and afford it an opportunity to present its objections. SEMSYSCO, Inc. also appears to argue that OEM's motion for alternative service should be denied because OEM has delayed service of process on SEMSYSCO Austria for nearly four months. Attempts at conventional service are not, however, prerequisites for alternate service. *Rio Properties, Inc.*, 284 F.3d at 1015.[1]

The Court concludes that OEM has made the requisite showing under Rule 4(f)(3) and *Mullane* to justify alternative service on SEMSYSCO, Inc. and The Thompson Group. Service on SEMSYSCO Austria at its domestic address in addition to alternate service on its parent and sibling companies in the United States satisfies *Mullane*. The Court will also require OEM to notify SEMSYSCO Austria by email of the pendency of this action, this order authorizing alternate service, and the time and method of alternate

---

[1] Similarly, the Court is not persuaded by SEMSYSCO, Inc.'s argument that the complaint and related documents must be translated under Austrian law. SEMSYSCO Austria does business in the U.S. in English and has an office in Montana, as does The Thompson Group and SEMSYSCO, Inc.

service on SEMSYSCO, Inc. and The Thompson Group.

**IT IS ORDERED** that Plaintiff's motion for alternate service (Doc. 26) is **granted** as set forth above.  Service shall be completed on or before **April 11, 2014**.

Dated this 24th day of March, 2014.

*David G. Campbell*
United States District Judge